**Miscellaneous Docket No. 160**

# United States Court of Appeals

*for the*

# Federal Circuit

IN RE RÉMY COINTREAU USA, INC.,

*Petitioner*

*On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in 2:13-cv-00168-JRV*

## Corrected Petitioner's Reply To Lamina's Response For Writ Of Mandamus

Albert L. Jacobs, Jr.
Gerard F. Diebner
Alan Tenenbaum
John J. Murray
Tannenbaum Helpern Syracuse & Hirschtritt, LLP
900 Third Avenue, 13th Floor
New York, New York 10022
Phone: (212) 508-6700

*Attorneys for Petitioner RÉMY COINTREAU USA, INC.*

# CERTIFICATE OF INTEREST

Counsel for Petitioner Rémy Cointreau USA, Inc. certifies the following:

1. The full name of every party we represent (which either real parties in interest) are:

> Rémy Cointreau USA, Inc.

2. All parent corporations in any publically held companies that own 10% or more of the stock of the parties we represent are:

> Petitioner is a wholly owned subsidiary of the Rémy Cointreau Group, a French company.

3. The name of all law firms and the partners or associates that appeared in the Trial Court for the party we now represent or are appearing in this Court are:

> Respectfully submitted,
>
> TANNENBAUM HELPERN SYRACUSE &
> HIRSCHTRITT LLP
>
> > /s/ Albert L. Jacobs, Jr.
> > Albert L. Jacobs, Jr.
> > Gerard F. Diebner
> > Alan Tenenbaum
> > John Murray
> > LAW OFFICES OF DAMON YOUNG
> > Damon Young

[985288-1]

## TABLE OF CONTENTS

**Page No.**

CERTIFICATE OF INTEREST ................................................................................. i

TABLE OF AUTHORITIES ................................................................................... iii

I. INTRODUCTION ........................................................................................ 1

II. ARGUMENT ................................................................................................ 1

    A. Remy Never Sought Nor Obtained A Complete Stay Of the District Court Case .................................................................................................. 1

    B. Remy's Contacts Within The Eastern District Of Texas Are *De Minimus*, And The Same Is True For Lamina ......................................................... 3

    C. Rémy's Petition For A Writ of Mandamus Is Proper ............................... 3

    D. Lamina Is Wrong When It Argues That Rémy Has Not Been Prejudiced ........................................................................................ 6

    E. Lamina's Criticism That Rémy Failed To Cite Federal Circuit Authority Is Without Merit ....................................................................................... 6

III. CONCLUSIONS ........................................................................................... 7

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Cheney v. United States Dist. Court*, 542 U.S. 367 (2004) .................................4,6

*In re American Airlines, Inc.*, 972 F.2d 605 (5th Cir. 1992) .....................................5

*In re Apple, Inc.*, 456 Fed. Appx. 907 (Fed. Cir. 2012)..............................................6

*In re Burlington Northern, Inc.*, 822 F.2d 518 (5th Cir 1987). .................................5

*In re Horeshoe Entm't*, 377 F. 3d 429 (5th Cir. 2003) ...............................................4

*In re Verizon Network Servs.*, 653 F. 3d 599 (Fed. Cir. 2011)..................................5

*In re Volkswagon of America, Inc.*, 545 F.3d, 304 (5th Cir 2008) *(en banc)*.............5

*Kerr v. United States Dist. Court for Northern Dist.*, 426 U.S. 394 (1976)..............4

*Microsoft Corporation v. Tivo, Inc.*, No. C11-00134-RSM, 2011 U.S. Dist. LEXIS 53774 (W.D.WA May 19, 2011).........................................................................5

*Roche v. Evaporated Milk* Ass'n, 319 U.S. 21, 26 (1943) .........................................4

**Statutes**

28 U.S.C. §1659(a) ...................................................................................... *passim*

## I. INTRODUCTION

Lamina Packaging Innovations, LLC's ("Lamina") Response is based a number of erroneous statements of fact and law:

- Rémy did not obtain a complete stay of the Eastern District of Texas action but rather only obtained a limited stay;

- Rémy's contacts with the State of Texas are in fact *de minimus* and its contacts with the Eastern District of Texas are even less. Also telling is Lamina's failure to comment on its almost complete lack of contact with the Eastern District of Texas or, for that matter, the State of Texas;

- Contrary to Lamina's assertions, Rémy's Petition for Writ of Mandamus is proper;

- Lamina is wrong when it argues Rémy has not been prejudiced. Rémy's prejudice is real; and

- Lamina's criticism that Rémy failed to cite Federal Circuit authority is without merit. As even Lamina admits, this is a case of first impression.

Based on the above as well as the arguments set forth in its Petition, Rémy respectfully submits that its Petition for Writ of Mandamus should be granted.

## II. ARGUMENT

### A. Remy Never Sought Nor Obtained A Complete Stay Of the District Court Case

Throughout its Response, Lamina contends Rémy sought and obtained a complete stay of the district court action. *See, e.g.,* Response at pages 3, 8 and 11. Lamina's contention, however, is simply not true. As Rémy explained at, for example, pages 8-9 of its Petition, Rémy sought and obtained a stay pursuant to 28

U.S.C. §1659(a). That stay only applies to claims or issues which are common to the ITC proceeding and the district court action. The issue of whether the district court action should be transferred to the S.D.N.Y. is not an issue also before the ITC. Thus, the stay, which is only a partial stay, does not apply to this issue.

Lamina's argument that Rémy sought a complete stay or that the district court granted a complete stay (Response at pages 11-13) is without merit. Rémy requested "an Order staying this action pursuant to 28 U.S.C. §1659(a)." Motion for Stay at A111. A complete stay was never sought. Likewise, the Order merely granted a "stay pursuant to 28 U.S.C. §1659." (A113). For these reasons, Lamina's further argument that Rémy waived its right to contest a "stay of the entire action" (Response at page 12) is equally without merit.

Finally, Lamina's argument that 28 U.S.C. §1659(a) authorizes a stay of the entire proceedings (Response at pages 13-16) does not make sense. As even Lamina conceded when it quoted the applicable statute at page 13 of its Response, the stay only applies "with respect to any claim that involves the same issues involved in the proceeding before the Commission." The issue of whether the district court action should be transferred to the Southern District of New York is not and never was a claim or issue before the Commission.

[985288-1]

2

For the above reasons, Lamina's argument that Rémy sought or the district court granted or 28 U.S.C. authorizes a complete stays does not survive even passing scrutiny.

### B. Remy's Contacts Within The Eastern District Of Texas Are *De Minimus*, And The Same Is True For Lamina

At page 16 of its Response, Lamina tries to argue that Rémy has contacts with Texas because its imports its Rémy Martin VSOP into Texas. What Lamina fails to mention, however, is that this "importation" is only about 0.35% of Rémy's total importation into the United States, and that this importation is through Houston, which is outside the Eastern District of Texas. Moran Declaration at paragraphs 4-7 (A205-206). Moreover, Lamina wholly ignores the fact that it has virtually no contact with the Eastern District of Texas, as noted at pages 6-7 of Rémy's Petition and A163-164 (Diebner Declaration) and A178-198 (Connolly Deposition).

Lamina's protestations of lack of discovery are to no avail. There is nothing further to say. Neither party has any substantial contacts with the Eastern District of Texas. Rémy at least has substantial contacts with the Southern District of New York. These facts are undisputed and undisputable.

### C. Rémy's Petition For A Writ of Mandamus Is Proper

The traditional use of a writ of mandamus in aid of appellate jurisdiction, 28 U.S.C. §1651(a), has been to confine a trial tribunal to a lawful exercise of its

[985288-1]

prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943). That is precisely what Rémy seeks to do here. Rémy seeks to compel the district court to rule on and grant Rémy's Motion to Transfer Venue, and it is the duty of the district court to do so as a "top priority." *In re Horeshoe Entm't*, 377 F. 3d 429, 433 (5th Cir. 2003).

To grant a writ of mandamus, three conditions must be satisfied. First, "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004)(quoting *Kerr v. United States Dist. Court for Northern Dist.*, 426 U.S. 394, 403 (1976)). Second, "the petitioner must satisfy the burden of showing that his right to issuance of the writ is 'clear and indisputable.'" *Id*. at 381 (quoting *Kerr*, 426 U.S. at 403.) Third, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 381 (quoting Kerr, 426 U.S. at 403.).

First, Rémy does not have other adequate means to attain the relief it seeks. Rémy has moved to transfer venue to the Southern District of New York but the Eastern District of Texas has refused to rule on the merits of the motion. Mandamus is Rémy's only means to have its motion ruled upon. *See In re Volkswagon of America, Inc.*, 545 F.3d, 304, 318-19 (5th Cir 2008) *(en banc)*

[985288-1]

4

(granting mandamus where district court refused to transfer venue). Moreover, as discussed in the Petition and below, delay will prejudice Rémy and delay may be held against it if Rémy seeks relief at a later date.

Second, Rémy's right to the relief sought is clear and indisputable. Both the clear wording of the statute and *Microsoft Corporation v. Tivo, Inc.*, No. C11-00134-RSM, 2011 U.S. Dist. LEXIS 53774 (W.D.WA May 19, 2011) make it plain that the stay provisions of 28 U.S.C. §1659(a) do not apply to motions to transfer.

Third, a writ of mandamus is proper in this case. Writs of mandamus are issued with respect to the question of change of venue both by the Fifth Circuit and this Court. *See, e.g., Volkswagon of America, supra; In re Verizon Network Servs.*, 653 F. 3d 599 (Fed. Cir. 2011). In addition, the question of whether a stay under 28 U.S.C. §1659(a) also stays a motion to transfer is an important and potentially far reaching question involving an issue which is likely to occur in future cases which, under Fifth Circuit law, are important considerations in granting a mandamus. *In re Burlington Northern, Inc.*, 822 F.2d 518, 523 (5th Cir 1987). *See also, In re American Airlines, Inc.*, 972 F.2d 605, 609 (5th Cir. 1992). Many ITC proceedings are commenced with co-pending district court actions (as noted at, for example, pages 3-4 of the Petition) and the question of venue is frequently at issue in the district court actions. Therefore, resolution of the question of the scope of a

stay pursuant to 28 U.S.C. §1659(a) is important and potentially far reaching which is likely to occur in other cases.

### D. Lamina Is Wrong When It Argues That Rémy Has Not Been Prejudiced

Throughout its Response Lamina argues that Rémy has not been prejudiced. As Rémy has pointed out at, for example, pages 5-6 and 11-12 of its Petition, Rémy will be prejudiced if it is forced to commence discovery in the Eastern District of Texas. Also, if Rémy delays, that delay can factor against granting a mandamus. *In re Apple, Inc.*, 456 Fed. Appx. 907 (Fed. Cir. 2012). *See also Cheney v. U.S. Dist. Court*, 542 U.S. 367, 379 (2004)(laches may bar a petition for a writ of mandamus if the petitioner has slept on his rights). Accordingly, Rémy has shown prejudice.

### E. Lamina's Criticism That Rémy Failed To Cite Federal Circuit Authority Is Without Merit

At page 10 of its Response Lamina criticizes Rémy because Rémy failed to cite any Federal Circuit authority on point. As Rémy noted at page 8 of its Petition, however, and Lamina concedes at page 14 of its Response, this is a case of first impression before the Federal Circuit. Accordingly, there cannot be any Federal Circuit cases on point.

## III. <u>CONCLUSIONS</u>

For the reasons set forth above and for the reasons set forth in the Petition this Court should direct the District Court for the Eastern District of Texas to transfer case 2:13-Cv-00168-JRG to the District Court for the Southern District of New York for consolidation with the Declaratory Judgment action of Rémy v. Lamina, 13-cv-2558(CM)(RLE) or in the alternative to promptly decide Rémy's Motion to Transfer.

Dated:  August 22, 2013

                              Respectfully submitted,

                              TANNENBAUM HELPERN
                              SYRACUSE & HIRSCHTRITT LLP

                              By:   <u>/s/ Albert L. Jacobs, Jr.</u>
                                    Albert L. Jacobs, Jr.
                                    Gerard F. Diebner
                                    Alan Tenenbaum
                                    John Murray
                                    900 Third Avenue, 13th Floor
                                    New York, New York 10022
                                    Phone No.:  (212) 508-6700
                          *Attorneys for Rémy Cointreau USA, Inc.*

[985288-1]

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 22nd day of August, 2013, I caused the Corrected Petitioner's Reply To Lamina's Response For Writ Of Mandamus to be filed electronically with the Clerk of the Court using the CM/ECF System and I further certify that all counsel of record have been served electronically using the CM/ECF System.

/s/ Albert L. Jacobs, Jr.
Albert L. Jacobs, Jr.